**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVID WILEY** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:21-cv-0335** |
| | § | **Jury Demanded** |
| **OWENS & MINOR** | § | |
| **DISTRIBUTION, INC.** | § | |
|     **Defendant.** | § | |

**DEFENDANT OWENS & MINOR DISTRIBUTION, INC.'S
<u>NOTICE OF REMOVAL</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, Owens & Minor Distribution, Inc. (hereinafter "O&M Distribution"), Defendant in the above entitled and numbered cause, files this Notice of Removal of the present cause from the County Court at Law No. 3 of Harris County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Houston Division, based on diversity jurisdiction and would respectfully show the Court as follows:

**I.
<u>GROUNDS FOR REMOVAL</u>**

1.    Federal jurisdiction exists over this lawsuit because it involves parties with diverse citizenship and an amount in controversy allegedly exceeding $75,000. Plaintiff David Wiley ("Plaintiff") is a citizen of Texas and O&M Distribution is a citizen of Virginia. Therefore, complete diversity of citizenship exists and removal is proper.

## II.
### BACKGROUND

2. This lawsuit arises from a multi-vehicle accident that occurred on June 20, 2018 in which diversity jurisdiction exists.[1] Plaintiff claims that he was stopped at a stop sign in Harris County, Texas when the vehicle in front of him negligently backed into Plaintiff's vehicle.[2] The vehicle was owned by O&M Distribution and driven by Rekim Dwight Washington.[3] Plaintiff claims the incident damaged his vehicle and allegedly injured him.[4] Plaintiff claims that O&M Distribution is responsible for the incident and asserted negligence and gross negligence claims against O&M Distribution for the actions of Rekim Dwight Washington.[5]

3. Plaintiff is a citizen of the State of Texas.[6] O&M Distribution is a citizen of Virginia. There are no other parties to this lawsuit.

## III.
### PROCEDURAL HISTORY

4. On June 5, 2020, Plaintiff filed suit against O&M Distribution in Cause Number 1155663; *David Wiley v. Owens & Minor Distribution, Inc.*; in the County Court at Law No. 3 of Harris County, Texas.[7] O&M Distribution was served with a copy of the Citation and Plaintiff's Original Petition via certified mail on January 4, 2021.[8] O&M Distribution timely filed its Original Answer to the state court petition on January 25,

---

[1] Exhibit A, Plaintiff's Original Petition at ¶ V.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.* at ¶ VI.
[6] *Id.* at ¶ I.
[7] Exhibit A.
[8] A file stamped copy of the return of citation as to O&M Distribution is attached hereto as Exhibit B.

2020.[9]

## IV.
### REMOVAL IS TIMELY

5. As set forth above, O&M Distribution was served with a summons and Plaintiff's Original Petition on January 4, 2021.[10] This notice of removal is being filed within 30 days of service of this lawsuit on O&M Distribution and within one year from when Plaintiff commenced his state court action. Therefore, this removal is timely under 28 U.S.C. § 1446(b).

## V.
### DIVERSITY JURISDICTION EXISTS FOR REMOVAL

6. Federal jurisdiction is proper in this case because diversity jurisdiction between the parties exists and this removal is timely. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As discussed below, this is a civil action between completely diverse parties and the amount in controversy allegedly exceeds the sum or value of $75,000.00, exclusive of interest and costs.

---

[9] A file stamped copy of O&M Distribution's Original Answer is attached hereto as Exhibit C.
[10] Exhibit B.

A. **Diversity of citizenship exists between the parties.**

7. This suit is between citizens of different states. A natural person is considered a citizen of the state where the person is domiciled – that is, where the person is a resident with the intent to remain there permanently. *Freidrich v. Davis*, 767 F.3d 374, 377 (3rd. Cir. 2004); *Linardos v. Fortuna*, 157 F.3d 945, 948 (2nd Cir. 1998). Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of a State by which it has been incorporated and of the State where it has its principal place of business."

8. As stated in Plaintiff's Original Petition, Plaintiff is a resident of Harris County, Texas and, therefore, a citizen of the State of Texas.[11]

9. Defendant O&M Distribution was, at the time of the commencement of this action and at the present time, a corporation organized and duly incorporated under the laws of the State of Virginia with its principal place of business also located in the State of Virginia. As such, O&M Distribution was, at the time of the commencement of this action and is now, a citizen of the State of Virginia.

B. **The amount in controversy exceeds $75,000.00.**

10. Plaintiff's damage claims also allegedly meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(b). The amount in controversy is the estimate of damages that will be put at issue, not the amount Plaintiff is likely to recover. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). Although Plaintiff's Original Petition fails to state the maximum amount of damages he claims as required under Rule 47 of the Texas Rules of Civil Procedure, Plaintiff claims

---

[11] Exhibit A.

4

he was severely injured as a result of the accident and seeks several damages, including typical negligence damages (past and future), treble damages and attorney's fees.[12] Moreover, the maximum jurisdictional limit of Texas county courts at law for cases filed prior to September 1, 2020, like this case, is $200,000. *See* Tex. Govt. Code §25.003(c)(1).[13] Accordingly, Plaintiff's claimed damages allegedly exceed the minimum amount in controversy requirement for removal of this matter.

## VI.
### PROCEDURAL REQUIREMENT FOR REMOVAL

11. This suit may be properly removed to this Court under 28 U.S.C. § 1441(b) because this suit was pending in Harris County, Texas which is within the judicial district and division of the United States District Court for the Southern District of Texas, Houston Division.

12. Simultaneously with the filing of this Notice of Removal, a copy of this Notice of Removal has been served on all parties and forwarded for filing with the clerk of the County Court at Law No. 3 of Harris County, Texas in accordance with 28 U.S.C. § 1446(d).

## VII.
### PAPERS FROM THE REMOVED ACTION

13. In compliance with S.D. Tex. Local Rule 81 and pursuant to 28 U.S.C. § 1446(a), the following documents are attached to this Notice of Removal:

Exhibit A:   Plaintiff's Original Petition (filed June 5, 2020)

Exhibit B:   Citation and Return of Service to Defendant O&M Distribution

---

[12] Exhibit A.
[13] For cases filed after September 1, 2020, the maximum jurisdictional limit was increased to $250,000.

Exhibit C:    Defendant O&M Distribution's Special Exceptions and Original Answer to Plaintiff's Original Petition

Exhibit D:    State Court Docket Sheet

Exhibit E:    Index of Matters Being Filed

Exhibit F:    List of All Counsel of Record

Exhibit G:    Civil Case Information Sheet

14. O&M Distribution reserves the right to amend or supplement this Notice of Removal.

## VIII.
### JURY DEMAND

15. Plaintiff made a jury demand in the state court action. O&M Distribution hereby requests a trial by jury.

## IX.
### CONCLUSION

16. This state court action may be removed to this Court by O&M Distribution in accordance with provisions of 28 U.S.C. § 1441(a) because (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division; (2) this action is between citizens of different states; and (3) the amount in controversy exceeds $75,000, exclusive of interests and costs. Accordingly, this case has been properly removed to this Court from the County Court at Law No. 3 of Harris County, Texas based on diversity jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Defendant Owens & Minor Distribution, Inc. prays for removal of the above entitled and numbered cause from the County Court at Law No. 3 of Harris County, Texas to this Honorable Court.

**DATED: February 2, 2021.**

        Respectfully submitted,

        **JOHNSON, TRENT & TAYLOR, L.L.P.**

        By: */s/ T. Christopher Trent*
            T. Christopher Trent
            Texas Bar No. 20209400
            Federal ID No. 14244
            919 Milam, Suite 1500
            Houston, Texas 77002
            (713) 222-2323 – Telephone
            (713) 222-2226 – Facsimile
            ctrent@johnsontrent.com

        **ATTORNEY-IN-CHARGE FOR DEFENDANT OWENS & MINOR DISTRIBUTION, INC.**

Of Counsel:
JOHNSON, TRENT & TAYLOR, LLP
Aimal Wardak
State Bar No. 24056493
Federal ID No. 777415
919 Milam Street, Suite 1500
Houston, Texas 77002
(713) 222-2323 – Telephone
(713) 222-2226 – Facsimile
awardak@johnsontrent.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of February 2021, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure. Parties may access this filing though the Court's system.

| | |
|---|---|
| Owen Jones | *Via ECF and CMRRR* |
| The Law Offices of Owen Jones | |
| The Parkwood Professional Building | |
| 211 East Parkwood | |
| Suites 106-110 | |
| Friendswood, Texas 77546 | |

                                                      */s/ T. Christopher Trent*
                                                      T. Christopher Trent

1227831