Case 4:21-cv-00335 Document 1-3 Filed on 02/02/21 in TXSD Page 1 of 8

1/25/2021 8:26 AM
Teneshia Hudspeth
County Clerk
Harris County

Harris County - County Civil Court at Law No. 3

CAUSE NO. 1155663

| | | |
|---|---|---|
| **David Wiley** § | IN THE COUNTY COURT AT LAW | |
| *Plaintiff* § | | |
| § | | |
| vs. § | **Jury Fee Paid** | NO. 3 |
| § | | |
| **Owens & Minor Distribution, Inc.** § | | |
| *Defendant* § | HARRIS COUNTY, TEXAS | |

### DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND

COMES NOW, Owens & Minor Distribution, Inc. (hereinafter referred to as "Defendant"), Defendant in the above-entitled and numbered cause, and files this its Original Answer to Plaintiff's Original Petition, Request for Disclosure and Jury Demand, and for such Answer would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1. Defendant asserts a general denial as is authorized by Rule 92 of the TEX. R. CIV. P., and Defendant respectfully requests that Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

### II.
### OTHER DEFENSES

2. Defendant hereby gives notice that it is without sufficient knowledge or information at this time to form a belief as to the truth of many of the allegations contained in Plaintiff's Original Petition. Defendant's investigation of Plaintiff's claims is in its initial stage. Defendant, therefore, reserves and asserts the following defenses, but reserve the right to amend as investigation and discovery proceed.



3. Defendant specifically denies any act and/or omission of negligence on its part which Plaintiff alleges proximately caused the incident giving rise to this lawsuit or the damages and injuries which Plaintiff claims resulted therefrom.

4. Defendant affirmatively avers that the occurrence, injuries and damages made the basis of this suit were proximately caused and produced in whole or in part by the acts and omissions of Plaintiff and/or third parties over whom Defendant had no control nor right of control at the time of the occurrence in question, and such conduct was the proximate and/or sole proximate, and/or producing and/or sole producing, and/or new and independent cause of any injuries or damages to the Plaintiff. This includes, but is not limited to, Plaintiff's failure to keep a proper lookout and failure to take proper evasive action to avoid the incident.

5. Defendant also contends the occurrence, injury and damages, if any, were the result of intervening and/or superseding causes, breaking the chain of causation between any act and/or omission alleged to have occurred on the part of Defendant. To that extent, Plaintiff failed to exercise ordinary care, caution and/or prudence to avoid the incident by failing to keep a proper lookout and failing to take proper evasive action, among other failures, and these are intervening, independent, and/or superseding acts which break the causal chain between any alleged conduct, act and/or omission of Defendant.

6. Defendant reserves its right to submit the persons or entities, known or unknown, including Plaintiff and/or third parties, shown by the evidence as being responsible for their proportionate share of responsibility under Chapter 33 of the Texas Civil Practice & Remedies Code, whether the result of their contributory negligence, assumption of the risk, or any other breach of a legal standard permitted under the statute.

7. For further answer, Defendant contends that on the occasion in question, Plaintiff failed to exercise that degree of care of which a person of ordinary care would have exercised in this same or similar circumstances, and that such failure was the sole cause and/or proximate

cause of Plaintiff's alleged injuries. This includes, but is not limited to, Plaintiff's failure to keep a proper lookout and failure to take proper evasive action to avoid the incident.

8. For further answer, Defendant denies that the occurrence in question was the result of any negligence on the part of the Defendant. As such, the occurrence in question and the alleged damages to Plaintiff were unavoidable insofar as Defendant is concerned.

9. For further answer, Defendant would show that any injuries, damages or liabilities alleged by Plaintiff are the result, in whole or in part, of the contributory negligence of Plaintiff. This includes, but is not limited to, Plaintiff's failure to keep a proper lookout and failure to take proper evasive action to avoid the incident and failure to utilize, and/or failure to properly utilize seat belts and/or other required safety restraint devices.

10. For further answer, Defendant asserts that Plaintiff's claims for damages may be barred in whole or in part, under the doctrine of comparative responsibility. This includes, but is not limited to, Plaintiff's failure to keep a proper lookout and failure to take proper evasive action to avoid the incident and failure to utilize, and/or failure to properly utilize seat belts and/or other required safety restraint devices. Such failure by Plaintiff constitutes negligence and Defendant requests that the jury be so instructed.

11. Defendant asserts that Plaintiff failed to mitigate his damages.

12. Defendant further would show that the occurrence in question was the result of a sudden emergency, and without any negligence on the part of the Defendant.

13. For further answer, Defendant invokes its legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made by Plaintiff or other persons or entities, or by percentage reductions to which Defendant would be entitled as a result of jury findings against Plaintiff or parties other than Defendant, including those designated as responsible third parties. In this connection, Defendant reserves the right to submit issues against parties, including but not limited to Plaintiff and any other responsible third party, who may be

present in this case or absent from the case at the time the matter is passed to the jury for fact determinations.

14. For further answer, Defendant asserts the limitation on recovery of medical or healthcare expenses, as set forth in Section 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which provides that recovery of medical or health care expenses, past or future, incurred is limited to the amount actually paid or incurred by or on behalf of the Plaintiff. To the extent Plaintiff seeks recovery for medical bills, expenses, and services incurred, but which were never charged to Plaintiff and, thus, were never paid or in fact incurred by him, Defendant would show that Plaintiff is not entitled to recover those amounts. Defendant is entitled to credit for any offset or discount from fees for services; specifically, Plaintiff may only recover medical or healthcare expenses that were actually paid or that were incurred by or on Plaintiff's behalf.

15. For further answer, Plaintiff is not entitled to recover medical expenses that would be reimbursable pursuant to the mandatory coverage required by the Affordable Care Act.

16. For further answer, Defendant affirmatively alleges that if Plaintiff was damaged as alleged, Plaintiff is not entitled to recover for some or all of the damages sought, including but not limited to, past and future physical pain and suffering, and past and future mental anguish.

17. In further answer, Defendant asserts that any damages assessed for loss of past or future wage-earning capacity and/or loss of earnings must be limited to the net loss after reduction for income tax payments or unpaid tax liability pursuant to Federal Income Tax law. *See* TEX. CIV. PRAC. & REM. CODE §18.091.

18. For further answer, if such be necessary, Defendant requests that in the event at the time of submission Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., that in accordance with the statutory requirements imposed by Section 18.091 of the Texas Civil Practice and Remedies Code the Court "instruct the jury as to whether any recovery for compensatory damages sought by the claimant is subject to federal or state

4

income taxes."

19.     For further answer, any recovery by Plaintiff is barred or to be reduced in accordance with the legal and equitable principles of payment, satisfaction, accord and satisfaction, setoff, and the rules barring windfalls and double recovery.

20.     For further answer, Defendant affirmatively alleges that Plaintiff's injuries and damages are barred to the extent that Plaintiff suffered a pre-existing injury that caused and/or contributed to the damages he is claiming of in this lawsuit.

21.     For further answer, Defendant asserts that some or all of Plaintiff's claims may be barred by the applicable limitations period.

22.     For further answer, Plaintiff's claims for punitive damages against Defendant cannot be sustained because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Defendant's rights under Amendments IV, V, VI, and XIV of the United States Constitution and by Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

23.     For further answer, Defendant denies Plaintiff's allegations of gross negligence and hereby objects to the claims made against it for an award of exemplary damages and would show that any such award of exemplary damages would be a denial of Defendant's constitutional rights pursuant to the Texas and United States Constitutions for reasons including, but not limited to, the following:

(A)     Defendant would show that the standard for an award of punitive damages is unconstitutionally vague.  It allows virtually standardless discretion to the jury to determine punishment.  It further deprives Defendant of adequate prior notice of the specific conduct for which it could be punished or the specific magnitude of the potential punishment.  Accordingly, Defendant would show that the standard for the imposition of punitive damages is unconstitutionally vague and is further constitutionally defective as an *ex post facto* legal penalty as proscribed by the Texas and United States Constitutions.

(B)     Defendant would show that any award of punitive or exemplary damages would violate Defendant's rights to due process of law.  Any award of punitive damages is

clearly in the nature of a criminal penalty. However, unlike a standard for recognized criminal penalties, the current applicable standard for an award of punitive damages places little or no restrictions on a jury's discretion. Defendant is given no advance notice that a particular course of conduct may subject it to punishment and is given no notice as to the particular amount or magnitude of punishment that may result. Consequently, any award of punitive damages against Defendant would violate its due process rights pursuant to the Texas and United States Constitutions.

(C) Defendant would show that the civil justice system is intended only to allow a claimant to be made whole and not intended to impose punishment. Defendant would show that any award of damages in excess of Plaintiff's actual damages would violate its right to due process of law, equal protection of the law, and would constitute an unconstitutional excessive fine as forbidden by the Texas and United States Constitutions.

(D) Defendant would show that the admission of any evidence concerning the size or wealth of Defendant will create an undue risk of an improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages, and the measure of punitive damages. As such, the admission of any such evidence violates Defendant's rights to due process of law and equal protection of the law pursuant to the Texas and United States Constitutions.

(E) Defendant is subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines, but Defendant receives none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

(F) Defendant would show that the assessment and award of punitive and/or exemplary damages is in violation of the Eighth Amendment of the United States Constitution as it applies to the states through the Fourteenth Amendment of the United States Constitution and Article 1, Section 13 of the Texas Constitution in that such awards potentially constitute an excessive fine imposed without the protection of fundamental due process.

24. Accordingly, Defendant invokes its rights under the Eighth and Fourteenth Amendments of the United States Constitution and respectfully requests that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would be violative of Defendant's United States constitutional rights. *See Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), *citing BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996).

25. Defendant would further invoke its right under the Fifth Amendment to the United States Constitution wherein it reads in part, "No person shall be . . . deprived of . . . property, without due process of law; . . ." for the same reasons enumerated above.

26. For further answer, and in the alternative, Defendant asserts its right to demand proof of punitive and/or exemplary damages by clear and convincing evidence of each element of such damages, as required by Chapter 41 of the Texas Civil Practice and Remedies Code.

27. Defendant further invokes, in the alternative, its right to limitation on the amount of punitive and/or exemplary damages pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code.

## IV.
## DISCOVERY LEVEL

28. Defendant requests that discovery in this case be conducted under Level III pursuant to Tex. R. Civ. P. 190.4 and that the Court issues a docket control plan specifically tailored to the circumstances of this case.

## V.
## RESERVATION OF RIGHTS

29. Defendant reserves the right to amend this answer as permitted by the Texas Rules of Civil Procedure.

## VI.
## REQUESTS FOR DISCLOSURE

30. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff is requested to disclose, within thirty (30) days of service of this request, the information or materials described in 194.2(a) through (l).

## VII.
## JURY DEMAND

31. Defendant requests a trial by jury in this matter and/or rely upon the demand made by Plaintiff.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Owens & Minor Distribution, Inc. prays that Plaintiff take nothing by his causes of action against Defendant, assess costs against Plaintiff, and award Defendant all other relief, in law and in equity, to which Defendant is justly entitled.

Respectfully submitted,

**JOHNSON, TRENT & TAYLOR, L.L.P.**

By:     */s/ T. Christopher Trent*
        T. Christopher Trent
        State Bar No. 20209400
        Aimal Wardak
        State Bar No. 24056493
        919 Milam, Suite 1500
        Houston, Texas 77002
        (713) 222-2323 – Telephone
        (713) 222-2226 – Facsimile
        ctrent@johnsontrent.com
        awardak@johnsontrent.com

**ATTORNEYS FOR DEFENDANT OWENS & MINOR DISTRIBUTION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January 2021, a true and correct copy of the foregoing document was forwarded by electronic service, certified mail, regular mail, and/or facsimile to all counsel of record.

Owen Jones                                                                         ***Via E-Serve***
The Law Offices of Owen Jones
The Parkwood Professional Building
211 East Parkwood
Suites 106-110
Friendswood, Texas 77546

                                             */s/ Aimal Wardak*
                                            Aimal Wardak

1228046